THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| BRANDON M. SAMPLES,<br><br>                    Petitioner,<br><br>v.<br><br>STATE OF UTAH,<br><br>                    Respondent. | **MEMORANDUM DECISION<br>& ORDER TO SHOW CAUSE**<br><br>Case No. 2:25-CV-740-RJS<br><br>District Judge Robert J. Shelby |

Having thoroughly reviewed this federal habeas petition and all materials on the docket,

the court concludes that the Petition is second or successive and does not warrant transfer to the

Tenth Circuit Court of Appeals.  Petitioner is ordered to show cause to as why the Petition

should not be denied.[1]

## I. BACKGROUND

On June 30, 2020, the Utah Seventh District Court entered the following consecutive

sentences for Petitioner: 1) fifteen-years-to-life for first-degree-felony murder; 2) three terms of

one-year-to-fifteen-years for three convictions of second-degree-felony obstruction of justice;

and 3) one term of zero-to-five years for third-degree-felony abuse or desecration of a dead

human body.[2]  Petitioner unsuccessfully appealed his sentence.[3]

---

[1] Dkt. 1, *Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241* (*Petition*).

[2] Mins. Sentence, J., Commitment to Prison, *State v. Samples*, No. 191700095 (Utah 7th Dist. Ct. June 30, 2020), Dkt. No. 145.

[3] *State v. Samples*, 521 P.3d 526 (Utah Ct. App. 2022), *cert. denied*, 525 P.3d 1279 (Utah 2022) (table).

On September 25, 2023, Petitioner filed a petition in this court challenging his convictions under 28 U.S.C. § 2254.[4]  Because Petitioner had "procedurally defaulted all claims asserted in the Petition," on May 15, 2026, the petition was denied.[5]

Petitioner now brings his second federal habeas action in this court, labeling this one as a petition brought under 28 U.S.C. § 2241.[6]  He asserts the following four grounds for the Petition: 1) the state sentencing judge did not offer a "meaningful rational[e] for sentencing," thus violating due-process principles; 2) the sentences violate equal protection and due process tenets by going "beyond the maximum otherwise allowed by statute or sentencing guidelines;" 3) the sentencing judge "los[t] subject matter jurisdiction" by "wrongful exercise of power and authority," thus violating the Federal Constitution; and 4) the sentences are "null and void."[7]

## II. ANALYSIS

Petitioner specified this habeas-corpus Petition is brought under 28 U.S.C. § 2241.[8] Section 2241 reads in pertinent part: "The Writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."[9]  "Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 . . . proceedings, which are used to collaterally attack the validity of a conviction and

---

[4] *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody*, *Samples v. Utah*, Case No 4:23-CV-72-AMA (D. Utah Sept. 25, 2023), Dkt. No. 6.

[5] *Memorandum Decision & Order Denying Habeas-Corpus Petition*, *Samples v. State of Utah*, No. 4:23-CV-72-AMA, Dkt. No. 26.

[6] *Petition*.

[7] *Id.* at 6–8.

[8] *Id*. at 8.

[9] 28 U.S.C. § 2241(c)(3).

sentence . . . ."[10]  Still, both kinds of actions qualify as habeas proceedings because they "attack[]

the fact or duration of a prisoner's confinement and seek[] the remedy of immediate release or a

shortened period of confinement."[11]

Though he does not designate them as such, Petitioner's arguments fall under § 2254,[12]

which is "used to collaterally attack the validity of a conviction *and sentence*."[13]  The court thus

considers the Petition under § 2254, not § 2241.[14]

## A. SCREENING STANDARDS

"If it plainly appears from the petition and any attached exhibits that the petitioner is not

entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to

notify the petitioner."[15]  Indeed, "it is well established that '[the] district court [may] dismiss

summarily [a] petition on the merits when no claim for relief is stated.'"[16]

A *pro se* petition must be broadly construed under this standard.[17]  However, the

generous construction to be given the *pro se* litigant's allegations "does not relieve the

---

[10] *McIntosh v. U. S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).

[11] *Id.* at 812.

[12] 28 U.S.C. § 2254(a) (2026) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.").

[13] *McIntosh*, 115 F.3d at 811 (emphasis added).

[14] *See Castro v. United States*, 540 U.S. 375, 377 (2003) (recognizing long-standing practice of federal courts to treat request for habeas relief under proper statutory section where *pro se* prisoner labeled application differently); *Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2025) (concluding, regardless of label, pleading seeking vindication of asserted federal bases for relief from state court's judgment of conviction is subject to requirements for § 2254).

[15] R. 4, Rs. Governing § 2254 Cases in the U.S. Dist. Cts.

[16] *Whitmore v. Parker*, 484 F. App'x 227, 232 (10th Cir. 2012) (alterations in original) (citations and quotation marks omitted).

[17] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[petitioner] of the burden of alleging sufficient facts on which a recognized legal claim could be based."[18]

## B. SECOND-OR-SUCCESSIVE STANDARDS

By bringing these challenges, Petitioner attacks the same criminal judgment that he challenged in a past unsuccessful petition in this Court.[19]  That renders the current Petition—construed as having been brought under § 2254—as "second or successive" petition.[20]  The court lacks jurisdiction over issues presented in a second or successive habeas application without prior authorization from Tenth Circuit Court of Appeals.[21]  Because Petitioner has apparently not sought such authorization, the Petition's merits may not be considered here.

## C. DISMISS CLAIMS OR TRANSFER TO TENTH CIRCUIT

The following statutory language is a starting point in deciding whether to dismiss second or successive claims or to transfer them to the Tenth Circuit:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>     (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

---

[18] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173–1174 (10th Cir. 1997) (holding courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf").

[19] *Compare Petiiton*, *with Samples*, No. 4:23-CV-72-AMA, Dkt. Nos. 6, 26.

[20] 28 U.S.C. § 2244(b).

[21] *See id.* § 2244(b)(3)(A).

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.[22]

Because the claims in this current action are not the same claims as those in the past habeas action, the claims are not instantly dismissible under subsection (1) above.[23]  And, as to claims brought under subsection (2), a district court may exercise its discretion to either dismiss or transfer such claims as an unauthorized second or successive § 2254 habeas petition.[24] Under 28 U.S.C. § 1631, if the district court determines it lacks jurisdiction, it "shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought."[25]  However, when no risk exists "that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter . . . for authorization."[26]

First, the court where this second or successive action could have been brought is the Tenth Circuit.[27]  Second, the Tenth Circuit considers the following criteria in determining whether to grant a petitioner opportunity to proceed with second or successive claims:

---

[22] *Id*. § 2244(b).

[23] *Id*.

[24] *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

[25] 28 U.S.C. § 1631.

[26] *In re Cline*, 531 F.3d at 1252; *see also Trujillo v. Williams*, 465 F.3d 1210, 1222–23 (10th Cir. 2006).

[27] *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.[28]

Here, transferring this case to the Tenth Circuit is not in the interest of justice.  Because the Petition does not meet the statutory requirements for authorization, it would waste judicial resources to transfer this case to the Tenth Circuit.[29]  None of Petitioner's grounds in the current Petition rely "on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," nor do they suggest a "factual predicate for [any] claim [that] could not have been discovered previously through the exercise of due diligence."[30]  Thus, the Court concludes that "there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer."[31]

### III. CERTIFICATE OF APPEALABILITY

Petitioner is not entitled to a certificate of appealability.  A certificate of appealability may issue only if a petitioner "has made a substantial showing of the denial of a constitutional

---

[28] 28 U.S.C. § 2244(b)(2); *id.* § 2244)(b)(3)(C) ("The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.").

[29] *See In re Cline*, 531 F.3d at 1252; *see also Johnson v. Allbaugh*, 742 F. App'x 395, 396 n.2 (10th Cir. 2018) (noting the Tenth Circuit will grant authorization "only if [petitioner] is able to demonstrate that he has new claims" that meet the statutory requirements under 28 U.S.C. § 2244(b)(2)).

[30] 28 U.S.C. § 2244(b)(2).

[31] *In re Cline*, 531 F.3d at 1252.

right."[32]  The Supreme Court has clarified the standard for obtaining a certificate of appealability after a habeas petition is denied on procedural grounds:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.[33]

Here, Petitioner is not entitled to a certificate of appealability because he has not alleged sufficient facts to establish that jurists of reason would find it debatable that the Petition states a cognizable claim here.

## IV. CONCLUSION

In sum, Petitioner appears to attack only the validity of his sentences, as issued by the Utah state district court.  He has thus mischaracterized this action as a petition under § 2241, when it is really a petition under § 2254.  Because Petitioner has brought a past § 2254 action that was denied as procedurally defaulted, this Petition is a second or successive petition.  The court therefore lacks jurisdiction to review these § 2254 claims.[34]  Further, it is not in the interest of justice to transfer the case to the Tenth Circuit Court of Appeals.

---

[32] 28 U.S.C. § 2253(c)(2).

[33] *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

[34] 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

7

**IT IS THEREFORE ORDERED** that Petitioner must **SHOW CAUSE** within thirty days why his Petition and a certificate of appealability should not be denied.[35]

DATED this 26th day of May 2026.

BY THE COURT:

_____
DISTRICT JUDGE ROBERT J. SHELBY
United States District Court

---

[35] *Petition*.